## PEOPLE ex rel. NOEL v. KINGSLAND.

### March, 1867.

A debtor who, after the service of the usual order in supplementary proceedings, enjoining him from disposing of his property, draws out money previously deposited in bank upon an account opened in his name "in trust," and applies a part of such moneys to his own use, or that of his family, is liable to punishment as for contempt.

The fact that he was doing business as agent for his wife, and that the funds were held by him in trust for her, is no defense. The legal title, nevertheless, under such a deposit in his own name "in trust," was in himself.*

Where the amount withdrawn was three hundred and fifty-six dollars,—Held, that a fine of four hundred dollars was not unreasonable, to indemnify the creditor.†

This proceeding was instituted in the name of the People on the relation of Auguste Noel and others, against Richard Kingsland, a judgment debtor, against whom the relators had instituted proceedings supplementary to execution.

The proceedings supplementary to execution were taken under the provisions of the Code of Procedure on that subject, in

---

* Compare Merchant v. Bunnell, p. 280 of this vol.

† See Sudlow v. Knox, in this series.

order to compel the payment of a judgmen t of three thousand three hundred and eighty-four dollars and twenty-four cents, rendered July 7, 1865. At the time of serving the order, the relator caused to be served upon the defendant an order in the nature of an injunction order, by which he was forbidden to transfer or make any disposition of his property, or in any manner interfere therewith, until the further order of the court.

*E. More,* attorney for defendant, appellant;—Cited Rodman *v.* Henry, 17 *N. Y.* 484; 12 *How. Pr.* 209; 23 *Id.* 423; 26 *Id.* 155; 10 *Abb. Pr.* 103; 15 *Barb.* 300; 1 *Hilt.* 105; 2 *Id.* 95; Teller *v.* Randall, 40 *Barb.* 242; S. C., 26 *How. Pr.* 155; *Fonb. Eq.* 101, note *o;* 3 *Aitk.* 393; Buckley *v.* Wells, 33 *N. Y.* 518, reversing 42 *Barb.* 569; Knapp *v.* Smith, 27 *Id.* 277; Schaffner *v.* Reuter, 37 *Id.* 44; Laurie *v.* Laurie, 9 *Paige,* 233; Noel *v.* Holbnem, 2 *Edw. Ch.* 188.

*T. J. Glover,* for plaintiff, respondent;—Cited Swartwout *v.* Mechanics' Bank, 5 *Den.* 555.

HUNT, J. [After stating the facts.]—In support of the appeal it-is urged that the defendant was doing business as an agent for his wife, that the money deposited in bank belonged to her, and that since the recent statutes she was authorized thus to transact business, and authorized to employ her husband as her agent for that purpose.

These questions do not arise. If the business had been transacted in the name of Mrs. Kingsland, and the money had been deposited to her credit, a different question would have been presented. The legal title to the money in bank would have been in her. As the case stands, the legal title to the money, and to all of it, was in the defendant; and the claim of the wife and of Baldwin, so far as they had claims, gave them no legal title to the specific money in bank. If the defendant was in truth acting as the agent for his wife, and all the money under his control, either in bank or upon his person, was the result of the business transacted for her, I do not say that she had not an equitable claim to the money. If

the "$157.50 paid E. A. Baldwin," was a balance due to Mr. Baldwin upon sales of stock for his account, it is quite certain that he ought to have been paid that amount. But whether, in either of these cases, the creditors would have had an equitable lien upon the specific fund, or whether they were simply creditors at large of Kingsland, it is not now necessary to consider. It is sufficient for the present purpose that the legal title to the money was in the defendant, and that no proceedings had been taken to enforce the equitable claim of any other party. In using and disposing of the money, he violated the injunction order served upon him.

It appears also, from the testimony of the defendant, that his funds in bank were in part the produce of his business as a broker; that he received money for others, and also his commissions; that he did his business as a broker in his own name; that his commissions as a broker sometimes amounted to five hundred dollars per month, and these funds, as well as the amount of sales of stock, constituted his deposits in bank. Whatever might be the claim of his wife, upon a settlement of his accounts with her as her agent, it is plain that the money thus earned by the services of the defendant, and deposited to his own credit in the bank, was the money of the defendant. When he used this money, as stated in the case, he violated the injunction order forbidding him to interfere in any manner with the funds or property belonging to him.

The order should be affirmed, with costs.

PARKER, J.—The evidence before the justice of the supreme court who made the order adjudging the defendant guilty of contempt in disobeying the injunction order obtained against him, was sufficient to warrant the decision made.

He paid out, after the service of the order upon him, of moneys on hand at the time of such service, over eight hundred dollars. This was money deposited to his credit in the bank, and though the account was kept in the bank with "Richard Kingsland, in trust," yet all his deposits were credited to that account. He was doing business as a stock-broker in his own name, and on his own account. If he sold stock for other persons, whether his wife or others, he deposited the pro-

ceeds to that account. He also deposited his own earnings, or portions of them, to the same account.

Now, of the eight hundred dollars expended by him, three hundred and fifty-six dollars and twenty-five cents was individually expended for himself and family. The presumption most favorable to the defendant, taking his own theory that the moneys received by him for sales of stocks for his wife and others he held in trust, is, that these expenditures were from his own portion of the moneys on deposit.

The general term, taking the most favorable view for the defendant, reduced the fine from one thousand dollars to four hundred dollars. This latter sum was surely not an unreasonable amount to indemnify the relators for the withdrawing of the three hundred and fifty-six dollars and twenty-five cents from being applied to their judgment, and to satisfy their costs and expenses of the proceeding.

The order appealed from should be affirmed, with costs.

All the judges concurred.

Order appealed from affirmed, with costs.